# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| James Kevin Nowlin,<br><br>    Plaintiff,<br><br>v.<br><br>Dodson Brothers Exterminating Co., Incorporated and Bennett Cox,<br><br>    Defendants. | Case No.: 4:18-cv-0480-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the Court on Defendants' Motion for Summary Judgment, ECF No. 26, filed on April 11, 2019. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, United States Magistrate Judge Thomas E. Rogers, III issued a Report and Recommendation ("Report"), ECF No. 47, on February 6, 2020, recommending that Defendants' motion be granted with respect to Plaintiff's federal claims and that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff timely objected to the Report, and Defendants replied. *See* ECF Nos. 48, 49. For the following reasons, the Court overrules Plaintiff's objections and adopts the Report in its entirety, with the exception that Plaintiff's state law claims are remanded.

**I.    Background**

Plaintiff James Kevin Nowlin, an African-American male, brings this action in connection with his employment with and termination by Defendant Dodson Brothers Exterminating Co., Incorporated ("Dodson"). Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. §§ 1981, and the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"). Specifically, Plaintiff asserts that he was the subject of

1

discrimination and retaliation and was not paid wages owed to him for overtime hours worked. He also pleads state law claims of slander, third-party interference with a contract, negligent supervision, and intentional infliction of emotional distress.

The factual history of this case as set forth in the Report is incorporated herein by reference. *See* ECF No. 47 at 1-14. In summary, Plaintiff worked at Dodson as a termite technician between 2016 and 2017. Bill Smith, a manager for Dodson, hired Plaintiff on February 24, 2016 at a rate of $12.00 per hour. On January 12, 2017, Bill Smith terminated Plaintiff after Plaintiff had been involved in multiple verbal altercations with other employees. Dodson maintains that the decision to terminate Plaintiff was based on his behavior, while Plaintiff alleges that he was targeted because of his race.

The Magistrate Judge concluded that Plaintiff failed to show the existence of a genuine issue of material fact regarding his discrimination and retaliation claims. *See* ECF No. 47 at 15-26. In addition, concerning Plaintiffs FLSA claim, the Report concluded that Plaintiff failed to address the payroll records and affidavit evidence demonstrating that Plaintiff was properly compensated for overtime hours worked. *Id.* at 26-28. Accordingly, the Report recommends granting summary judgment for Defendant on all federal claims asserted in this case and declining to exercise supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff raises, without citation to authority, numerous factual arguments in his objections to the Report. Plaintiff also asks the Court to remand his state law claims instead of dismiss them with prejudice. Defendant, in its reply, argues that Plaintiff's objections fail to adhere to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure such that Plaintiff has waived the right to de novo review of the Report. In addition, Defendant submits that dismissal, as opposed to remand, is the proper disposition of Plaintiff's state law claims.

2

The Court agrees that substantial portions of Plaintiff's objections are non-specific or conclusory disagreements with the Report and addresses only those arguments warranting de novo review. In addition, the Court finds remand to be the appropriate disposition of Plaintiff's state law claims where this action was originally filed in state court.

## II. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d

355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

In applying the foregoing standard, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

### III. Discussion

#### A. Plaintiff's Perfunctory, Nonspecific Objections are Overruled.

The body of Plaintiff's objections does not direct the Court to a single point of legal authority or explain why, under governing law, any of the myriad portions of the record reiterated therein establishes a material issue for trial. Plaintiff engages in no legal analysis, and it is not incumbent upon the Court to re-review the entire record of this case de novo on Plaintiff's ipse dixit.

Under Rule 72 of the Federal Rules of Civil Procedure, a party wishing to object must do so with specificity. Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections"). Only portions of a magistrate judge's report and recommendation that have been properly objected to demand de

novo review. Fed. R. Civ. P. 72(b)(3). Vague, general, or conclusory objections not directed toward any particular portion of a magistrate judge's findings or reasoning defeat the purpose of initial screening, and, presented with such objections, a court will review a report and recommendation for clear error. *See, e.g.*, *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Ruff v. United States*, No. 1:17-cv-148, 2018 WL 2981167, at *1 (N.D.W. Va. June 14, 2018). Likewise, merely reiterating the same arguments presented to a magistrate judge does not constitute a specific objection warranting de novo review. *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom. Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013). A litigant cannot obtain de novo review by "merely reformatting an earlier brief as an objection." *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008).

Here, Plaintiffs objections are replete with references and citation to various portions of the record that was before the Magistrate Judge followed by bare legal conclusions, if any. A substantial majority of Plaintiff's factual argument was presented to the Magistrate Judge in Plaintiff's response to summary judgment, and Plaintiff's objections to the Report fail to engage in any analysis to show why portions of the record not specifically discussed in the Report ought to alter the Magistrate Judge's reasoning, conclusions, or recommendations. The Court therefore declines to address every fact recited in Plaintiff's objections.

    **B.**    **Plaintiff's Objection that the Magistrate Judge Failed to Consider the Facts from Plaintiff's Perspective Misapprehends the Summary Judgment Standard and the Law Governing his Discrimination and Retaliation Claims.**

Plaintiff specifically argues that the Magistrate Judge considered the facts in a manner inconsistent with the applicable standard on a motion for summary judgment. Plaintiff submits that the Report's "rendition of the background" erroneously fails to view the facts "in a light most favorable to the Plaintiff which is required by the Federal Rules of Civil Procedure–from the non-

moving party's point of view." ECF No. 48 at 5. "The Magistrate failed to consider any of the relevant facts from the Plaintiff's perspective." *Id.* at 6. This objection is based on a flawed premise and is overruled.

As stated above, a court must, at the summary judgment stage, draw all reasonable inferences and construe all ambiguities in favor of the non-moving party. *See, e.g.*, *Anderson*, 477 U.S. at 255. This requirement is not, however, coterminous with viewing the facts in the record "from the Plaintiff's perspective." Only disputes over facts "that might affect the outcome of the suit under the governing law" will operate to preclude entry of summary judgment for the movant. *Anderson*, 477 U.S. at 248. Here, governing law instructs that Plaintiff's perspective of the facts is "close to irrelevant." *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000) (quoting *DeJarnette*, 133 F.3d 293, 299 (4th Cir. 1998)); *see also Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980) (noting that the plaintiff's perception of himself "is not relevant" in age discrimination context; rather, "[i]t is the perception of the decision maker which is relevant."). At the present stage, "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

After a thorough review of the Report and the record, the Court agrees that Plaintiff failed to adduce sufficient evidence to show a genuine issue regarding whether Dodson's actions were motivated by anything other than his behavior. Plaintiff's objection is accordingly overruled.

**C. Plaintiff's Challenges to the Veracity of Defendants' Evidence does not Establish a Genuine Issue.**

    **i. General Credibility Challenges**

Plaintiff alludes to credibility issues with Defendants' witnesses: "When providing testimony each of the individuals testified differently therefore throwing doubt on each and everything that was stated." ECF No. 48 at 16. "Therefore, the Court error [sic] in making an

assumption and failing to present that issue of fact to the jury." This objection fails to identify what exactly Plaintiff contends to be a genuine issue of material fact.

It is not a court's function, at the summary judgment stage, to make credibility determinations or to "determine the truth of the matter." *Anderson*, 477 U.S. at 243. A court is only to decide whether a genuine issue for trial exists. *Id.* "There is no such issue unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* A party cannot survive summary judgment with mere speculation or by mounting inference upon inference. *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985) (citation omitted). To argue that undefined discrepancies in a movant's evidence creates a jury question with regard to every portion of that evidence is to speculate. The record is uncontroverted in that Plaintiff was involved in multiple verbal confrontations with coworkers. The only genuine dispute is how severe those confrontations were: Plaintiff submits that he was "just loud." ECF No. 48 at 12. That dispute, however, is immaterial and therefore insufficient to preclude summary judgment. The Court does not "sit as a 'super-personnel department weighing the prudence of employment decisions' made by the defendants." *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 272 (4th Cir. 2005) (quoting *DeJarnette*, 133 F.3d at 299)). "[I]t is not the province of the Court to decide whether the reasons were wise, fair or even correct, so long as they truly were the reasons for the employment action." *Jamil v. White*, 192 F. Supp. 2d 413, 420 (D. Md. 2002), *aff'd*, 55 F. App'x 658 (4th Cir. 2003) (citations omitted).

Plaintiff's objection that inconsistencies in the record creates a genuine issue regarding all of Defendants' testimonial evidence accordingly fails and is overruled.

    ii.    **Challenges to Defendants' Proffered Reasons for Termination**

The Court acknowledges the relevance of Plaintiff's specific citation to what he considers

to be six (6) different reasons for his termination. *See* ECF No. 48 at 11-12. Plaintiff cites record evidence showing Dodson offered the following reasons for Plaintiff's termination: (1) failure to cooperate and bad attitude; (2) hostility toward other employees; (3) attitude toward other employees, including threatening and cursing; (4) unprofessionalism, attitude becoming more and more hostile; (5) insubordination, disruptive and threatening behavior toward other employees; and (6) hostility toward other employees in violation of company policy. *See* ECF No. 47 at 22; ECF No. 48 at 11 (citations omitted).

"[W]hen a company, at different times, gives different and arguably inconsistent explanations, a jury may infer that the articulated reasons are pretextual." *E.E.O.C. v. Sears Roebuck and Co.*, 243 F.3d 846, 853 (4th Cir. 2001) (quoting *Dominguez-Cruz v. Suttle Caribe, Inc.*, 202 F.3d 424, 432 (1st Cir. 2000). Even so, where, as here, an employer has provided a non-discriminatory explanation for its decision, a plaintiff cannot survive summary judgment by focusing on "minor discrepancies that do not cast doubt on the explanation's validity, or by raising points that are wholly irrelevant to it." *Hux v. City of Newport News, Va.*, 451 F.3d 311, 315 (4th Cir. 2006).

Plaintiff submits that the Report "failed and refused to consider" Bill Smith's "several reasons for the Plaintiff's termination throughout the case which presents an issue of fact." ECF No 48 at 11. He submits "each and every one of [the] reasons was ignored by the Court and brushed aside in the [Report] as a none [sic] issue of fact . . . ." *Id.* at 12. The Court disagrees that the Magistrate Judge "refused to consider" Plaintiff's argument; rather, the Report examined each explanation given by for Plaintiff's termination and concluded that, under the foregoing propositions in *Hux* and *Sears Roebuck and Co.*, "[e]ach of the reasons . . . are simply different ways of saying the same thing–Defendant felt Plaintiff had a bad attitude towards his supervisors

8

and other employees." ECF No. 47 at 22. The Court wholly agrees with this conclusion, and Plaintiff's objection on this matter is accordingly overruled.

### D. Plaintiff has not Shown the Existence of a Genuine Issue Concerning his FLSA Claim.

With certain exceptions, the FLSA requires employers to compensate an employee one and one-half times the employee's normal hourly rate for hours worked in excess of forty (40). *See* 29 U.S.C. § 207(a)(1). The Report indicates Plaintiff's failure to address payroll records and the affidavit submitted by Becky Marsh, Director of Human Resources, in support of Defendants' motion. The records demonstrate that for hours logged as overtime, Plaintiff was paid one and one-half times his normal hourly rate, or $18.00 per hour. This evidence plainly shows the lack of genuine issue regarding Plaintiff's claimed FLSA violation.

In response to the Report concluding as much, Plaintiff merely asserts that "it is clear from the actual documentation presented to the Court that the Defendant failed and refused to pay him $780.00 in overtime wages. Therefore, a violation of the FLSA." This objection is an unfounded conclusion. The Court declines to pore over Plaintiff's timekeeping records (or whatever "documentation" Plaintiff may otherwise be referring to) in search of a discrepancy in the amount Plaintiff claims exists. Plaintiff does not direct the court to any "particular" part of the record to show the existence of a genuine issue as required by Rule 56(c)(1) of the Federal Rules of Civil Procedure, and the Court is not required to consider material not cited. Fed. R. Civ. P. 56(c)(3). Plaintiff's objection to the Magistrate Judge's conclusion that Defendant is entitled to summary judgment on Plaintiff's FLSA claim is therefore overruled.

### E. Plaintiff's State Law Claims Should be Remanded.

The parties dispute whether the Court should dismiss Plaintiff's state law claims without

prejudice or remand them to state court. Plaintiff makes no argument that the Court should exercise supplemental jurisdiction.

In the Report, the Magistrate Judge concluded that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims should his federal claims be dismissed pursuant to 28 U.S.C. § 1367(c)(3). ECF No. 47 at 29. While stating that "comity favors remand," *Id.* at 29, the Report's ultimate conclusion is that this action should be dismissed in its entirety. *Id.*

Plaintiff objects to dismissal, and submits that remand is proper because this action was originally filed in state court. Defendant relies on the case of *Nowlin v. Terminix Serv., Inc.*, No. 4:16-CV-00371-RBH, 2018 WL 1516855, at *10 (D.S.C. Mar. 28, 2018) (dismissing state law claims without prejudice) in support of the argument that Plaintiff's claims should be dismissed. Under 28 U.S.C. § 1367(c), "a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001). Defendants' case is inapposite because that action was originally filed in federal court. *See* Complaint, *Nowlin*, No. 4:16-CV-00371-RBH (ECF No. 1); 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3739 (Rev. 4th ed.) ("[F]ederal courts cannot remand an action that was originally filed in federal court.") (citations omitted).

The Court concludes that because this action was removed from state court and Defendants are entitled to summary judgment on all of Plaintiff's federal claims, Plaintiff's state law claims are properly remanded under 28 U.S.C. § 1367(c)(3) and *Hinson*.

## IV. Conclusion

After a thorough review of the Report, the parties' objections, and the record in this case in accordance with the applicable standard, the Court adopts the Report, ECF No. 47, as modified

herein. Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment, ECF No. 26, with respect to all of Plaintiff's federal claims. Plaintiff's remaining state law claims are hereby REMANDED to the Florence County Court of Common Pleas.

    IT IS SO ORDERED.

/s/ Sherri A. Lydon
Sherri A. Lydon
United States District Judge

May 8, 2020

Florence, South Carolina